## Commonwealth v. Ackley

*L. G. Rarig*, for Commonwealth.

*R. R. John*, for defendant.

KREISHER, P. J., July 15, 1948.—Defendant was arrested on August 5, 1946, on the charge that he did on August 3rd, and at divers other times, unlawfully threaten to take the life of, and do bodily harm to, and further did unlawfully threaten to destroy and damage the property of the informant, William A. Snyder. On August 6, 1946, a hearing was held before the justice of the peace, Austin H. Klase, and, after hearing, the justice returned the case to the next term of Quarter Sessions Court of Montour County, after requiring defendant to post a peace bond in the sum of $1,000.

In a case of this type, the duty of the justice of the peace is stated in the Act of March 18, 1909, P. L. 42, 19 PS §24. Section 1 of the said act provides:

"In all cases of surety of the peace, the justice of the peace before whom such case is instituted shall, before he binds any one over to the next term of the court of quarter sessions and in the meantime to keep the peace, upon the oath of another, as provided by section six of the act of March thirty-one, one thousand eight hundred and sixty (Pamphlet Laws, four hundred and twenty-seven), enter into a full hearing and investigation of the facts; and shall only bind over the defendant when the evidence shows, to the satisfaction of the justice, that the prosecutor's or prosecutrix's danger of being hurt in body or estate is actual, and that the threats were made by the defendant maliciously and with intent to do harm."

From the testimony adduced at the hearing in this matter before the court, it appears that the difference between the parties arose from a dispute in regard to a right of way, which prosecutor claims over the land of defendant, and there is at the present time pending before this court an equity case to determine the rights of the parties in this regard.

At the time this case was heard by the court, counsel for defendant presented a motion to quash the return of the justice of the peace, for the reason that said return is not in accordance with the provisions of the above-quoted act of assembly, in that it fails to show a specific finding that prosecutor was in danger of being hurt in body or estate, and that the danger was actual. Also, that the return fails to show that the threats were made by defendant maliciously, and with intent to do harm to prosecutor.

Since the time of hearing in this case, it is the court's understanding that defendant sold the ground in dispute to a third party, and that defendant has kept the peace toward the prosecutor during all of this time.

At the time of hearing, the court did not rule upon the motion to quash, stating that the case would be continued to permit the court to file a written opinion, both on the merits and on the motion, so that the matter is now before the court for final disposition.

In order to conform with the quoted act of assembly, the justice of the peace is required to show upon his transcript all of the jurisdictional facts, such as the justice's suggestion to the parties of the propriety of compromising their differences. This requirement was complied with by the justice of the peace, as the transcript states:

"An attempt is made to reconcile the parties, but is refused by prosecutor, on the grounds that as long as present conditions exist, on or about the premises of the parties, prosecutor, his wife, or property is not safe and is endangered by the conduct of defendant."

The justice of the peace is required to show upon his transcript that a full hearing and investigation of the facts was had, and the transcript does show: "Parties are sworn, full hearing is had." In order to conform with the act, the transcript of the justice of the peace must show actual danger or injury to prosecutor in body or estate, and that the threats made by defendant were made maliciously, and with intent to do harm to prosecutor. The transcript does not show these facts, as the above quotations from the transcript state all of the facts set forth in the transcript of the justice of the peace.

In the case of Commonwealth v. Kraus, 1 D. & C. 531, in an opinion written by President Judge Ryan of Bucks County, it is stated in the syllabus of the said case:

"The proceedings in a prosecution for surety of the peace will be quashed where the justice's record does not set forth that the evidence shows to the satisfaction of the justice that the prosecutor's danger of being hurt in body and estate is actual and that the threats were

made by the defendant maliciously and with intent to do harm".

An inspection of the transcript in the case before the court satisfies us that the justice of the peace has not affirmatively shown by the transcript, which he returned to the court, that he has complied with the provisions of the act above quoted. Therefore, we are obliged to allow the motion to quash the transcript or return of the justice of the peace.

We are also inclined to dismiss these proceedings after hearing held in open court, from the testimony adduced from the witnesses, because, from our view of the testimony, this was nothing more than a back yard neighborhood mouth battle, and even though there may have been some unkind and threatening statements made by both parties, we are not convinced that the statements were accompanied with the necessary malicious intent to carry out any threats to do harm to prosecutor in person or estate.

Section 2 of the Act of 1909, P. L. 42, 19 PS §25, provides:

"In all cases in which the evidence does not show that the threats were maliciously made by the defendant and with intent to do harm, and that the prosecutor is actually in danger of being hurt in body or estate, it shall be the duty of the justice to discharge the defendant, and to determine how and by whom the costs shall be paid; and in determining the question of the payment of the costs he may find, that the prosecutor pay them all, that the defendant pay them all, or that the prosecutor and defendant pay them in equal or unequal proportions; and, in default of payment, may commit the person or persons adjudged to pay the costs to the county jail until they are paid, or until such person is discharged according to law."

Since we find the transcript of the justice of the peace fails to comply with the act of assembly in all of the necessary requirements, and since, from the

evidence in the case, we are not convinced that the threats were maliciously made by defendant and with intent to do harm, and that prosecutor is actually in danger of being hurt in body or estate, it is the duty of the court to discharge defendant and determine how and by whom the costs shall be paid, and to this end we make the following

### Order

And now, to wit, July 15, 1948, the motion to quash the transcript or return of the justice of the peace is allowed; defendant and surety on the bond heretofore filed by him are discharged from further liability on said bond, and the costs of prosecution shall be paid, one half by defendant and one half by prosecutor, and in default of payment of the said costs on or before August 5, 1948, the person so defaulting shall be committed to the Montour County jail, until the said costs are paid in full, or until such person is discharged according to law.